## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES M. HEAD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 12-0706 (RJL) |
| | ) |
| ERIC D. WILSON, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## MEMORANDUM OPINION

~~April~~ May 12 ~~12~~, 2013

This matter is before the Court on James M. Head's *pro se* petition for a writ of habeas

corpus.  For the reasons discussed below, the petition will be denied.

### I. BACKGROUND

Petitioner "was convicted [in the Superior Court of the District of Columbia] by a jury in

1980 of felony murder while armed, premeditated murder while armed, armed kidnapping, and

armed robbery.  On direct appeal, the [District of Columbia Court of Appeals] affirmed all

except the kidnapping convictions." *Head v. United States*, 626 A.2d 1382, 1383 (D.C. 1993);

*see Head v. United States*, 489 A.2d 450, 450 (D.C. 1985); *Head v. United States*, 451 A.2d 615,

627 (D.C. 1982).  Petitioner did not appeal the affirmance of his convictions by filing a petition

for a writ of certiorari in the Supreme Court of the United States.  On remand, Judge Bacon

entered an order setting aside the judgments of conviction on the kidnapping charges and vacated

those sentences.  *See* Gov't's Opp'n to Pet'r's Pet. for Writ of Habeas Corpus by a Person in

1

Custody in the District of Columbia ("Gov't Opp'n"), Attach. A (Superior Court docket entry dated February 27, 1987).

Between 1982 and 2011, petitioner filed six motions in the Superior Court under D.C. Code § 23-110 attacking his convictions and sentences on various grounds. *See generally* Gov't Opp'n at 2-6. The first motion, filed in or about December 1982, was denied and affirmed by the Court of Appeals on January 11, 1985. *See Head*, 489 A.2d at 451. Petitioner did not appeal the affirmance by filing a petition for a writ of certiorari in the Supreme Court. Gov't Opp'n at 2. His appeal of the denials of the second and third § 23-110 motions to the Court of Appeals resulted in a decision vacating the two felony murder convictions because these offenses merged with the two premeditated murder convictions. *See Head*, 626 A.3d at 1387 n.11. Petitioner's appeal of this decision was unsuccessful; the Supreme Court denied his petition for a writ of certiorari. *Head v. United States*, 513 U.S. 854 (1994). Judge Wynn, to whom the case was assigned on remand, vacated the felony murder convictions, but erroneously included the kidnapping convictions which previously had been vacated. *See* Gov't Opp'n, Attach. A (Superior Court docket entry dated September 23, 1994). The error was corrected and the kidnapping convictions again were vacated. *See id.*, Attach. A (Superior Court docket entry dated August 23, 1995).

Relevant to this discussion is petitioner's fifth § 23-110 motion, which was filed in the Superior Court on June 6, 2008, denied on January 25, 2010, appealed to the Court of Appeals on February 16, 2010, and affirmed on June 10, 2011. Verified Mem. of P. & A. in Supp. of Pet. for Writ of Habeas Corpus ("Pet'r's Mem.") at 7; *see Head v. United States*, No. 10-CO-1246 (D.C. June 10, 2011). Petitioner's appeal to the Supreme Court was unsuccessful; the petition

2

for a writ of certiorari was denied on January 23, 2012. *Head v. United States*, 132 S. Ct. 1154 (2012).

## II. DISCUSSION

In this action, petitioner brings a claim of ineffective assistance of appellate counsel -- the attorney who represented him both at trial and on direct appeal. According to petitioner, appellate counsel's "successive representation . . . created an actual conflict of interest . . . because [counsel] was reluctant to present the claim of ineffective assistance of trial counsel in the appellate brief." Pet'r's Mem. at 7-8. Had counsel "highlighted the . . . shortcomings of trial counsel," petitioner contends, he "would have received the following relief from the D.C. Court of Appeals: 1) reversal of the trial court's judgment of conviction; 2) a remand for resentencing; or 3) a case/record remand for an evidentiary hearing." *Id.* at 12.

A federal district court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is serving a criminal sentence imposed by the Superior Court of the District of Columbia and is considered a state prisoner for purposes of federal habeas relief. *See, e.g., Hazel v. Lves,* No. 11-1100, 2011 WL 5022899, at *1 (D.D.C. Oct. 20, 2011) (recognizing that a District of Columbia prisoner is considered a State prisoner); *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."); *cf. Madley v. U.S. Parole*

3

*Comm'n,* 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (holding that District of Columbia courts are deemed to be state courts for purposes of 28 U.S.C. § 2253).

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro,* 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted). The District of Columbia Circuit "held that prisoners . . . whose convictions became final before AEDPA's effective date[] had a one-year grace period from that date in which to file a § 2255 motion -- yielding a filing deadline of April 24, 1997." *Id.* (citing *United States v. Cicero,* 214 F.3d 199, 202 (D.C. Cir. 2000)). "Though *Cicero* was decided under § 2255, courts have generally applied the same analysis to the time limitations in § 2254 and § 2255." *Peoples v. Schultz*, 806 F. Supp. 2d 174, 179 (D.D.C. 2011) (internal quotation marks, brackets and citations omitted). Thus, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period . . . run[s] from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), that is, until the completion of the ordinary state collateral review process. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

According to respondent, "petitioner's convictions became final in March 1987, 30 days after Judge Bacon issued her February 27, 1987 remand Order . . . which was not appealed."[1]

---

[1] Alternatively, respondent argues that "petitioner's convictions became final no later than 30 days after Judge Wynn issued the August 23, 1995 order vacating petitioner's armed

Gov't Opp'n at 13.  He thus qualified for a one-year grace period after the AEDPA became

effective on April 24, 1996, such that he "was required to file his motion by April 24, 1997." *Id.*

Because the instant petition was not filed until April 23, 2012, respondent argues, the petition

must be denied as untimely, having been filed "almost fifteen years too late." *Id.*  Respondent

further argues that there is no basis for tolling the one-year limitations period while petitioner

sought post-conviction collateral review in the Superior Court because the first post-remand §

23-110 motion was not filed until "December 7, 2001, more than four years after AEDPA's one-

year grace period expired on April 24, 1997." *Id.* at 14.

      According to petitioner, his habeas petition is timely filed for two related reasons.  First,

he argues that the limitations period was tolled under § 2244(d) while his post-conviction or

other collateral review – presumably a reference to his many § 23-110 motions – was underway.

*See* Pet'r's Mem. at 4-5; Pet'r's Reply to Gov't's Opp'n to Pet.'s Pet. for Writ of Habeas Corpus

by a Person in Custody in the District of Columbia ("Reply") at 3.  Second, petitioner argues that

he could not have raised an ineffective assistance of appellate counsel claim in this district court

until the District of Columbia Circuit decided *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C.

Cir. 2009), *cert. denied,* 130 S. Ct. 2073 (2010).  *See* Reply at 3.  When *Williams* was decided,

petitioner's fifth § 23-110 motion still was pending in the Superior Court.  *Id.*  Only after the

Superior Court's ruling, an appeal to the Court of Appeals and an unsuccessful appeal to the

Supreme Court could he have filed the instant petition.  *Id.*  For these reasons, petitioner argues

that "his one-year under 2244(d) did not start ticking until January 23, 2012," Reply at 3, when

---

kidnaping convictions . . . inasmuch as petitioner did not appeal that order." Gov't Opp'n at 13
n.4.  The Court concurs that, "[f]or purposes of AEDPA timeliness analysis, it does not matter"
whether the convictions became final in 1995 or 1987. *Id.*

the Supreme Court denied his petition for a writ of certiorari, such that the filing of his petition

on April 23, 2012 is timely.[2]

Because petitioner's convictions became final before the AEDPA, it is the effective date

of the AEDPA, not the District of Columbia Circuit's ruling in *Williams*, which determined the

start date of the one-year limitations period.  Applying the one-year grace period, petitioner's

deadline fell on or about April 24, 1997.  Notwithstanding the many § 23-110 motions filed in

the interim, nothing in petitioner's submissions has demonstrated that the one-year limitations

period would have been tolled for the entire period between April 1997 and April 2012.

The Court concludes that the habeas petition is untimely.  Accordingly, the Court will

deny the petition and dismiss this action.  An Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[2]     Petitioner signed the petition on April 16, 2012, and the Clerk of Court received it on
April 23, 2012.